THOMPSON *v.* OWENS.

DEEDS—CANCELLATION—DECREE.

A decree setting aside a voluntary fee-simple deed to defendant, executed by complainant, an aged man, when seriously ill, and directing that a new deed be executed, giving her a life estate in the lands, to commence at his death, *held,* under the evidence, sufficiently favorable to defendant.

Appeal from Newaygo; Edwards, J. Submitted June 7, 1899. Decided September 12, 1899.

Bill by George W. Thompson against Emily C. Owens to set aside a deed. From a decree for complainant, defendant appeals. Affirmed.

Defendant is a half-sister of complainant. He has one son. His property consisted of the 40 acres in question, used as a farm, and the personal property upon the same. In 1892, when he was 71 years of age, he was very sick, and did not expect to live. Prior to the death of complainant's wife, defendant had lived in the family, and after her death continued to live there, and took charge of the household affairs. He evidently desired to make some provision for the care of defendant after his death. The deed —a full warranty deed — was made out, and signed, witnessed, and acknowledged. The scrivener who wrote it then put it in an envelope, sealed it, and, by the direction of the complainant, indorsed upon it, "Not to be opened until the death of George W. Thompson," and handed it to defendant, who was cautioned by complainant "to put it in a safe place, where it would be safe." Defendant took the deed, and put it in a chest belonging to her. Complainant recovered from his illness, and, under the claim he was intending to place a mortgage upon the farm, she opened the envelope, and placed the deed upon record.

When complainant heard of this, he filed this bill to set the deed aside. A few days after the execution of the deed, complainant executed to defendant a bill of sale of nearly all his personal property. He admits that he intended to execute a deed giving her a life estate in the premises after his death. The court, by a decree, set this deed aside, and decreed that complainant execute another deed, giving her a life estate in the lands, to commence at the death of complainant.

*W. D. Fuller*, for complainant.

*George Luton*, for defendant.

GRANT, C. J. (*after stating the facts*). The four claims of complainant are:

1. That he was incompetent.
2. That he intended to convey to defendant only a life estate after his death.
3. That the deed was to be inoperative if he recovered from his illness, and was intended as a testamentary disposition of his land.
4. That there was no such delivery as to make the deed effective.

Upon the first three claims the testimony was in conflict. The court must have found either that complainant had not sufficient mental capacity to execute the deed, or that the deed was not such as the parties had agreed to. It would require very strong evidence to sustain a finding that a father had deliberately disinherited his own son. There was good reason why complainant should provide a home for defendant during her life, but no good reason appears why he should give her all his property. We think the court reached a conclusion sufficiently favorable to defendant, who alone appeals, and that there was substantial evidence to sustain it. We need not discuss the question of delivery.

Decree affirmed, with costs.

The other Justices concurred.